## LEAR

v.

## OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 10.

2003-Ohio-4299.]

Court of Claims of Ohio.

No. 2003–06913–AD.

Decided July 24, 2003.

Linda L. Lear, pro se.

Gordon Proctor, Director, Department of Transportation, for defendant.

Daniel R. Borchert, Deputy Clerk.

## FINDINGS OF FACT

{¶ 1} On May 8, 2003, plaintiff, Linda L. Lear, was traveling north on State Route 7 when she pulled into a park-and-ride at the intersection of State Route 7 and State Route 124 near Rutland in Meigs County and her automobile struck a pothole causing serious damage to her vehicle.

{¶ 2} Plaintiff filed this complaint indicating that her repair bill amounted to $1,640.93. She indicated that a claim was submitted to her insurance carrier, which paid all of the expense with the exception of the $500 deductible. Plaintiff contends that the automotive damage was the result of negligence on the part of defendant, Department of Transportation, in maintaining the roadway. Plaintiff submitted the filing fee with the complaint.

{¶ 3} On June 27, 2003, plaintiff submitted a letter indicating that she wished to increase the prayer amount of her claim by $396.84, for additional expenses incurred as a result of the pothole struck by her vehicle.

{¶ 4} Plaintiff submitted photographic evidence of the site of the incident. This evidence indicates that the pothole was located off the traveled portion of the roadway and not near the paved entrance/exit to the park and ride. It appears that this was a makeshift entrance/exit to the park and ride and that there was ample opportunity to avoid the water-filled pothole.

{¶ 5} Defendant has denied liability based on the fact that it had no knowledge of the pothole prior to plaintiff's property damage occurrence and that the pothole was in the shoulder of the roadway a few yards from the entrance to the park-and-ride.

## CONCLUSIONS OF LAW

{¶ 6} Defendant has the duty to keep roads in a safe, drivable condition. *Amica Mut. Ins. Co. v. Ohio Dept. of Transp.* (1982), Ct. of Cl. No. 81–02289–AD.

{¶ 7} In order to recover on a claim of this type, plaintiff must prove either (1) that defendant had actual or constructive notice of the defect (pothole) and failed to respond in a reasonable time or responded in a negligent manner, or (2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Ohio Dept. of Transp.* (1976), Ct. of Cl. No. 75–0287–AD.

{¶ 8} There is no evidence that defendant had actual notice of the damage-causing pothole.

{¶ 9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition (pothole) developed. *Spires v. Ohio Hwy. Dept.* (1988), 61 Ohio Misc.2d 262, 577 N.E.2d 458.

{¶ 10} The size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Ohio Dept. of Transp.* (1988), 61 Ohio Misc.2d 287, 578 N.E.2d 891.

{¶ 11} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition (pothole) appears, so that under the circumstances, defendant should have acquired knowledge of its existence. *Guiher v. Jackson* (1978), Ct. of Cl. No. 78–0126–AD.

{¶ 12} Insufficient evidence has been presented to prove that defendant had constructive notice of the pothole.

{¶ 13} Furthermore, plaintiff has failed to show that defendant negligently maintained the roadway.

{¶ 14} The Department of Transportation is not to be held liable to individuals who use the berm or shoulder of a highway for travel without adequate reason. *Colagrossi v. Ohio Dept. of Transp.* (1983), Ct. of Cl. No. 82–06474–AD. If plaintiff sustains damage because of a defect (pothole) located off the roadway, a necessity for leaving the roadway must be shown. *Lawson v. Jackson* (1977), Ct. of Cl. No. 75–0612–AD. Adequate reasons for leaving the roadway may involve such things as assisting a disabled vehicle or a vehicle forced off the roadway by another vehicle. *Percy v. Ohio Dept. of Transp.* (1980), Ct. of Cl. No. 79–0450–AD. However, driving off the traveled portion of the roadway prior to the paved entrance/exit driveway and striking a clearly discernible water-filled pothole because of fatigue is not an adequate reason. Accordingly, plaintiff's case is denied.

{¶ 15} Plaintiff's letter is considered a motion to amend her complaint and is DENIED. Having considered all of the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment for defendant.*